**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KENDRA SCOTT, LLC, | |
| Plaintiff, | Case No. 24-cv-11613 |
| v. | |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | |
| Defendants. | |

**COMPLAINT**

Kendra Scott, LLC ("Plaintiff" or "Kendra Scott") hereby brings the present action against the Partnerships and Unincorporated Associations identified on attached Schedule A (collectively, "Defendants") and alleges as follows:

## I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, e-commerce stores[1] operating under the seller aliases identified in Schedule A attached hereto (the "Seller Aliases"). Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States

---

[1] The e-commerce store URLs are listed on Schedule A hereto under the Online Marketplaces.

consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and, on information and belief, have sold products using infringing and counterfeit versions of Kendra Scott's federally registered trademarks to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Kendra Scott substantial injury in the State of Illinois.

## II.   INTRODUCTION

3.     This action has been filed by Kendra Scott to combat e-commerce store operators who trade upon Kendra Scott's reputation and goodwill by offering for sale and/or selling unauthorized and unlicensed imitations of Kendra Scott luxury fashion products, including fashion jewelry, using infringing and counterfeit versions of Kendra Scott's federally registered trademarks (the "Counterfeit Kendra Scott Products"). Defendants create e-commerce stores operating under one or more Seller Aliases that are advertising, offering for sale and selling Counterfeit Kendra Scott Products to unknowing consumers. E-commerce stores operating under the Seller Aliases share unique identifiers, establishing a logical relationship between them and that Defendants' counterfeiting operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid and mitigate liability by operating under one or more Seller Aliases to conceal both their identities and the full scope and interworking of their counterfeiting operation. Kendra Scott is forced to file this action to combat Defendants' counterfeiting of its registered trademarks, as well as to protect unknowing consumers from purchasing Counterfeit Kendra Scott Products over the Internet. Kendra Scott has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks as a result of Defendants' actions and seeks injunctive and monetary relief.

### III.  THE PARTIES

**Plaintiff**

4.  Plaintiff Kendra Scott, LLC is a limited liability company organized and existing under the laws of the State of Tennessee with a principal place of business at 3800 North Lamar Blvd, Suite 400, Austin, TX 78756.  Kendra Scott, the individual, is an American fashion and accessories designer, entrepreneur, and national best-selling author.  Kendra Scott founded Kendra Scott, LLC in 2002, designing her first collection of jewelry in the spare bedroom of her home. The Kendra Scott brand grew quickly, was loved globally and became successful, such that in 2017, private equity firm Berkshire Partners invested in the company at a valuation of USD $1 billion.  Known for her unique use of color and quality materials, Kendra Scott has created collections of timeless pieces that have won over loyal fans, media and celebrities alike.  Kendra Scott designs, manufactures, distributes, and sells a wide variety of products including fashion jewelry, fine jewelry, men's and women's watches, men's jewelry, home accessories, hand bags and related accessories (collectively, the "Kendra Scott Products").  The Kendra Scott Products are renowned for their high quality and style and are identified and recognized by the use of the Kendra Scott name and trademarks.

5.  Kendra Scott Products are highly sought after and Kendra Scott's designs have been chosen to accessorize major runway shows including Oscar de la Renta's spring 2006 runway show.  Numerous celebrities have been photographed wearing the Kendra Scott Products or featured in Kendra Scott advertisements.  Indeed, *People Magazine* pointed out that "Celebrities are obsessed with Kendra Scott's jewelry line" in a 2019 article.

6.  Kendra Scott's social media channels have a significant number of followers (1.4 million on Instagram and nearly 895,000 followers on Facebook) and 13 million likes on TikTok.

7.    Kendra Scott also has been featured in numerous prominent publications, including, but not limited to, *USA Today, Vogue*, *The Wall Street Journal*, *WWD*, *In Style*, *Forbes*, *Glamour*, *People Magazine,* among many others.  Kendra Scott and Kendra Scott Products have appeared on nationally televised shows, including without limitation, *Good Morning America*, *ABC's Shark Tank*, *CBS This Morning* and *The Today Show*.

8.    Kendra Scott Products have become enormously popular and even iconic, driven by the brand's arduous quality standards and innovative design.  Among the purchasing public, genuine Kendra Scott Products are instantly recognizable as such.  In the United States and around the world, the Kendra Scott brand has come to symbolize high quality, and Kendra Scott Products are among the most recognizable in the world.  Kendra Scott Products are distributed and sold to consumers throughout the United States, Canada, Central America, Mexico, the Caribbean, and various countries worldwide through the kendrascott.com website and over 138 Kendra Scott retail stores, boutiques, and luxury-brand retailers, including through authorized retailers in Illinois such as Nordstrom, Dillard's, Von Maur, Bloomingdales, Target, Amazon and hundreds of other specialty boutiques.  Kendra Scott Products are also sold through the official kendrascott.com website, which was launched in 2010 and began e-commerce sales in 2010.

9.    Kendra Scott launched the Color Bar® in 2009.  The Color Bar is an in-store and online experience by which consumers can customize their jewelry or home accessories by interchanging the styles of jewelry or accessories with different metal tones and stone colors. Inspired by her stepfather's battle with brain cancer, Kendra Scott introduced the Color Bar to hospitals around the country through its Kendra Cares® program, hoping that patients could take their minds off grueling cancer treatments, at least momentarily, by customizing a piece of jewelry

for themselves or as a gift. The Color Bar experience was featured at Coachella in 2019. The Color Bar is also prominently featured on the kendrascott.com website.

10. Kendra Scott began using the KENDRA SCOTT trademark in U.S. commerce at least as early as 2002 in connection with jewelry, and other goods, and has continuously sold Kendra Scott Products under the KENDRA SCOTT mark since then. In addition to the KENDRA SCOTT word mark, Kendra Scott has used several distinctive and well-known design marks which are set forth in the table below (collectively, the "Kendra Scott Trademarks"). As a result of this long-standing use, strong common law trademark rights have amassed in the Kendra Scott Trademarks. Kendra Scott's use of the marks has also built substantial goodwill in and to the Kendra Scott Trademarks. The Kendra Scott Trademarks are famous marks and valuable assets of Kendra Scott.

11. Many of the Kendra Scott Trademarks are registered with the United States Patent and Trademark Office, a non-exclusive list of which is included below.

| Registration Number | Trademark |
| --- | --- |
| 2,850,550 | KENDRA SCOTT DESIGN |
| 3,125,314<br>4,955,259<br>4,963,203<br>5,074,644<br>5,233,977<br>6,095,882<br>5,807,291<br>6,859,996 | KENDRA SCOTT |
| 5,614,961 | KENDRA CARES |
| 3,529,344 | KENDRA |
| 4,927,238 | KS |
| 4,159,941 | COLOR BAR |
| 5,782,154 | COLOR BAR |
| 5,570,678 | #STRIKEAMOOD |
| 4,297,566 |  |
| 4,838,307<br>5,514,030<br>5,794,904<br>5,897,934<br>6,047,771<br>6,449,812<br>6,502,600<br>6,583,825 |  |

| 4,838,297 |  |
| 5,486,678 |  |
| 6,583,790 |  |
| 4,967,469 |  |



| 4,967,470 | |
|---|---|
| 5,399,800 | |

12.    Many of the Kendra Scott Trademarks have also been registered in over 58 jurisdictions worldwide.

13.    Plaintiff is the owner of many of the Kendra Scott Trademarks and the exclusive licensee of certain Kendra Scott Trademarks owned by Kendra Scott the individual.  The Kendra Scott Trademarks have been used exclusively and continuously in the U.S. by Kendra Scott and have never been abandoned.  The above U.S. registrations for the Kendra Scott Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065. The registrations for the Kendra Scott Trademarks constitute *prima facie* evidence of their validity and of Kendra Scott's exclusive right to use the Kendra Scott Trademarks pursuant to 15 U.S.C. § 1057 (b).  True and correct copies of the United States Registration Certificates for the above-listed Kendra Scott Trademarks are attached hereto as **Exhibit 1**.

14.     The Kendra Scott Trademarks are distinctive when applied to the Kendra Scott Products, signifying to the purchaser that the products come from Kendra Scott and are manufactured to Kendra Scott's quality standards.  Whether Kendra Scott manufactures the products itself or contracts with others to do so, Kendra Scott has ensured that products bearing the Kendra Scott Trademarks are manufactured to the highest quality standards.

15.     Kendra Scott has expended substantial time, money, and other resources in advertising and promoting the Kendra Scott Trademarks.  In fact, Kendra Scott has expended hundreds of millions of dollars annually in advertising, promoting and marketing featuring the Kendra Scott Trademarks.  Kendra Scott Products have also been the subject of extensive unsolicited publicity resulting from their high-quality, innovative designs.  As a result, products bearing the Kendra Scott Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Kendra Scott. Kendra Scott Products have become among the most popular of their kind in the U.S. and the world.  The Kendra Scott Trademarks have achieved tremendous fame and recognition which has only added to the inherent distinctiveness of the marks.  As such, the goodwill associated with the Kendra Scott Trademarks is of incalculable and inestimable value to Kendra Scott.

16.     Since at least as early as 2010, genuine Kendra Scott Products have been promoted and sold at the official kendrascott.com website.  Sales of Kendra Scott Products via the kendrascott.com website are significant with over 32.2 million unique users in 2022 alone.  The kendrascott.com website features proprietary content, images and designs exclusive to the Kendra Scott brand.

**The Defendants**

17.     Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Kendra Scott.  On information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions with lax trademark enforcement systems, or redistribute products from the same or similar sources in those locations.  Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

18.     On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto.  Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Kendra Scott to discover Defendants' true identities and the exact innerworkings of their counterfeit network.  If Defendants provide additional credible information regarding their identities, Kendra Scott will take appropriate steps to amend the Complaint.

## IV.   DEFENDANTS' UNLAWFUL CONDUCT

19.     The success of the Kendra Scott brand has resulted in significant counterfeiting of Kendra Scott Trademarks.  In recent years, Kendra Scott has identified many fully interactive, e-commerce stores offering Counterfeit Kendra Scott Products on online marketplace platforms such as Amazon, eBay, AliExpress, Alibaba, Wish.com, Walmart, Etsy, DHgate, Temu, and TikTok including the e-commerce stores operating under the Seller Aliases.  The Seller Aliases target consumers in this Judicial District and throughout the United States.  According to a U.S. Customs and Border Protection (CBP) report, in 2021, CBP made over 27,000 seizures of goods with intellectual property rights (IPR) violations totaling over $3.3 billion, an increase of $2.0 billion

10

from 2020. *Intellectual Property Rights Seizure Statistics, Fiscal Year 2021*, U.S. Customs and Border Protection (**Exhibit 2**). Of the 27,000 in total IPR seizures, over 24,000 came through international mail and express courier services (as opposed to containers), most of which originated from China and Hong Kong. *Id.*

20. Third party service providers like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing counterfeiters to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." **Exhibit 3**, Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 Nw. J. Int'l L. & Bus. 157, 186 (2020); *see also* report on "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020), attached as **Exhibit 4** and finding that on "at least some e-commerce platforms, little identifying information is necessary for a counterfeiter to begin selling" and recommending that "[s]ignificantly enhanced vetting of third-party sellers" is necessary. Counterfeiters hedge against the risk of being caught and having their websites taken down from an e-commerce platform by preemptively establishing multiple virtual store-fronts. **Exhibit 4** at p. 22. Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, counterfeiters can have many different profiles that can appear unrelated even though they are commonly owned and operated. **Exhibit 4** at p. 39. Further, "E-commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters." **Exhibit 3** at 186–187.

21. Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from

U.S. bank accounts, and, on information and belief, have sold Counterfeit Kendra Scott Products to residents of Illinois.

22.     Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies.  For example, Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers.   E-commerce stores operating under the Seller Aliases look sophisticated and accept payment in U.S. dollars and/or funds from U.S. bank accounts via credit cards, Alipay, Amazon Pay, and/or PayPal.  E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer.  Kendra Scott has not licensed or authorized Defendants to use any of the Kendra Scott Trademarks, and none of the Defendants are authorized retailers of genuine Kendra Scott Products.

23.     Defendants have ramped up their counterfeiting of the Kendra Scott Trademarks. Many Defendants also deceive unknowing consumers by using the Kendra Scott Trademarks without authorization within (a) social media advertisements directing them to Defendants' websites and (b) the content, text, and/or meta tags of their e-commerce stores to attract various search engines crawling the Internet looking for e-commerce stores relevant to consumer searches for Kendra Scott Products.  Other e-commerce stores operating under the Seller Aliases omit using the Kendra Scott Trademarks in the item title to evade enforcement efforts, while using strategic item titles and descriptions that will trigger their listings when consumers are searching for Kendra Scott Products.

24.     E-commerce store operators like Defendants commonly engage in fraudulent conduct when registering the Seller Aliases by providing false, misleading and/or incomplete

information to e-commerce platforms to prevent discovery of their true identities and the scope of their e-commerce operation.

25.     E-commerce store operators like Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Counterfeit Kendra Scott Products.  Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like Defendants to conceal their identities and the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

26.     Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers, such as templates with common design elements that intentionally omit any contact information or other information for identifying Defendants or other seller aliases they operate or use.   E-commerce stores operating under the Seller Aliases include other notable common features such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images.  Additionally, Counterfeit Kendra Scott Products for sale by the Seller Aliases bear similar irregularities and indicia of being counterfeit to one another, suggesting that the Counterfeit Kendra Scott Products were manufactured by and come from a common source and that Defendants are interrelated.

27.     E-commerce store operators like Defendants are in constant communication with each other and regularly participate in QQ.com chat rooms and through websites such as sellerdefense.cn and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

28.     Counterfeiters such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Kendra Scott's enforcement. E-commerce store operators like Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Kendra Scott. Indeed, analysis of financial account transaction logs from previous similar cases indicates that off-shore counterfeiters regularly move funds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court.

29.     Defendants are working to knowingly and willfully import, distribute, offer for sale, and sell Counterfeit Kendra Scott Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Kendra Scott, have knowingly and willfully used and continue to use the Kendra Scott Trademarks in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit Kendra Scott Products into the United States and Illinois over the Internet.

30.     Defendants' unauthorized use of the Kendra Scott Trademarks in connection with the advertising, distribution, offering for sale, and sale of Counterfeit Kendra Scott Products, including the sale of Counterfeit Kendra Scott Products into the United States, including Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Kendra Scott.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

31.     Kendra Scott hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

32.     This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the federally registered Kendra Scott Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods.  The Kendra Scott Trademarks are highly distinctive marks.  Consumers have come to expect the highest quality from Kendra Scott Products offered, sold or marketed under the Kendra Scott Trademarks.

33.     Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of the Kendra Scott Trademarks without Kendra Scott's permission.

34.     Kendra Scott is the owner or exclusive licensee of the Kendra Scott Trademarks.  Kendra Scott's United States Registrations for the Kendra Scott Trademarks (**Exhibit 1**) are in full force and effect.  On information and belief, Defendants have knowledge of Kendra Scott's rights in the Kendra Scott Trademarks, and are willfully infringing and intentionally using counterfeits of the Kendra Scott Trademarks.  Defendants' willful, intentional and unauthorized use of the Kendra Scott Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit Kendra Scott Products among the general public.

35.     Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

36.     Kendra Scott has no adequate remedy at law, and if Defendants' actions are not enjoined, Kendra Scott will continue to suffer irreparable harm to its reputation and the goodwill of the Kendra Scott Trademarks.

37. The injuries and damages sustained by Kendra Scott have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit Kendra Scott Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

38. Kendra Scott hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

39. Defendants' promotion, marketing, offering for sale, and sale of Counterfeit Kendra Scott Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Kendra Scott or the origin, sponsorship, or approval of Defendants' Counterfeit Kendra Scott Products by Kendra Scott.

40. By using the Kendra Scott Trademarks in connection with the sale of Counterfeit Kendra Scott Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Kendra Scott Products.

41. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit Kendra Scott Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

42. Kendra Scott has no adequate remedy at law and, if Defendants' actions are not enjoined, Kendra Scott will continue to suffer irreparable harm to its reputation and the goodwill of the Kendra Scott brand.

## PRAYER FOR RELIEF

WHEREFORE, Kendra Scott prays for judgment against Defendants as follows:

16

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using the Kendra Scott Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Kendra Scott Product or is not authorized by Kendra Scott to be sold in connection with the Kendra Scott Trademarks;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Kendra Scott Product or any other product produced by Kendra Scott, that is not Kendra Scott's or not produced under the authorization, control, or supervision of Kendra Scott and approved by Kendra Scott for sale under the Kendra Scott Trademarks;

   c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Kendra Scott Products are those sold under the authorization, control or supervision of Kendra Scott, or are sponsored by, approved by, or otherwise connected with Kendra Scott;

   d. further infringing the Kendra Scott Trademarks and damaging Kendra Scott's goodwill; and

   e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Kendra Scott, nor authorized by Kendra Scott to be sold or offered for sale, and which bear any of Kendra Scott's trademarks, including

the Kendra Scott Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof.

2) Entry of an Order that, upon Kendra Scott's request, those with notice of the injunction, including, without limitation, any social media platforms, online marketplace platforms and other third party platforms such as eBay, AliExpress, Alibaba, Amazon, Wish.com, Walmart, Etsy, DHgate, Temu, and TikTok (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Kendra Scott Trademarks;

3) That Defendants account for and pay to Kendra Scott all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Kendra Scott Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) In the alternative, that Kendra Scott be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the Kendra Scott Trademarks;

5) That Kendra Scott be awarded its reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

Dated this 12th day of November 2024.　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Justin R. Gaudio
　　　　　　　　　　　　　　　　　　　　Amy C. Ziegler
　　　　　　　　　　　　　　　　　　　　Justin R. Gaudio
　　　　　　　　　　　　　　　　　　　　Rachel S. Miller
　　　　　　　　　　　　　　　　　　　　Luana Faria de Souza
　　　　　　　　　　　　　　　　　　　　Greer, Burns & Crain, Ltd.
　　　　　　　　　　　　　　　　　　　　200 W. Madison St. Suite 2100
　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60606
　　　　　　　　　　　　　　　　　　　　312.360.0080
　　　　　　　　　　　　　　　　　　　　312.360.9315 (facsimile)
　　　　　　　　　　　　　　　　　　　　aziegler@gbc.law
　　　　　　　　　　　　　　　　　　　　jgaudio@gbc.law
　　　　　　　　　　　　　　　　　　　　rmiller@gbc.law
　　　　　　　　　　　　　　　　　　　　lfaria@gbc.law

　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff Kendra Scott, LLC*